### LONG v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. February 4, 1910.)

1. NEGLIGENCE (§ 135*)—CONTRIBUTORY NEGLIGENCE—SUFFICIENCY OF EVIDENCE.

Evidence held to show that the injury causing decedent's death was from his own negligence.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 274–276; Dec. Dig. § 135.*]

2. NEGLIGENCE (§ 134*)—SUFFICIENCY OF EVIDENCE.

Evidence held insufficient to show negligence by defendant, whose horse caused decedent's injury.

[Ed. Note.—For other cases, see Negligence, Dec. Dig. § 134.*]

Appeal from Trial Term, New York County.

Action by Minnie Long, administratrix of the estate of Michael Long, deceased, against the City of New York. From a judgment entered on a verdict, and from an order denying a new trial, defendant appeals. Reversed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Theodore Connoly, for appellant.
J. Noble Hayes, for respondent.

DOWLING, J. Michael Long, the plaintiff's intestate, was a driver employed by one Rooney, a contractor, and on July 31, 1908, in the discharge of his duties had driven onto the dock at the foot of Canal street, upon the south side of which there is a public dump, and was there engaged in preparing to unload the cart belonging to his employer onto the scow which was in the river adjoining the dock. As described by the witnesses, Long was standing on the dock, with his right foot on the stringpiece thereof and his left on the ground, with his back towards the cart and facing the scow. He had hold of the tail board of his cart, seeking to remove the same preparatory to discharging the contents. While thus engaged, a cart belonging to defendants, driven by one of its employés, was backed into place at

the same stringpiece, where it was also to be discharged. There was a distance of 35 to 40 feet between Long's cart and the end of the dock; the dock being 28 feet 3 inches wide, over 100 feet long, with a stringpiece 11 inches high.

The carts which went upon the dock to discharge their contents into the scow were required to occupy points opposite that part of the scow in which ashes were dumped. This part was 38 feet long. Long's cart was about in the center of this space. The city's inspector gave the order when to dump the load, and as he gave the order to the driver of the city's cart the same was backed into the space to the east of Long's cart and about one foot therefrom. As the city's cart began to back in, the horse backed too rapidly, although the driver did everything possible to make the horse go ahead and cease backing, by calling to him and hitting him with the reins; but the horse still continued backing rapidly, and Long was caught between the city's cart and the stringpiece, and, when finally released, fell to and upon the scow, whence he was removed to a hospital, where he died on August 3d.

There is no evidence in the case to show that the space into which the city's cart was sought to be backed would have been too close to Long's person for safety, had the horse backed in properly. It affirmatively appears that the horse belonging to the defendant was a gentle animal, obedient and responsive to the reins, and had never before been fractious or unruly. It appears as well that, while Long kept working at the tail board of his cart, a number of persons upon the dock, including the city's inspector, called out "Look out!" and the inspector shouted, "Look out, Mike!" the decedent being the only person of that name then on the dock. Despite this, the decedent did nothing, so far as the evidence shows, to escape from his position of danger, which he might easily have done by jumping upon the stringpiece back of his cart, or by jumping to the deck of the scow below. There is naturally much confusion in the testimony as to the length of time during which these shouts continued and before Long was struck, some of the witnesses making it as much as five or six minutes; but it is clear that he had time to change his position, had he chosen to do so. Upon the whole case, it is impossible to predicate any charge of negligence against the defendant, and the verdict is clearly against the weight of evidence.

Judgment and order appealed from should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.