to enable petitioner to frame his complaint, or for the prosecution of the action, or to perpetuate testimony.

LAWRENCE v. WEBER et al. (Supreme Court, Appellate Division, First Department. March 24, 1910.) Appeal from Special Term, New York County. Action by Walter N. Lawrence against Joseph M. Weber and others. From an order of the Special Term (120 N. Y. Supp. 289) continuing an injunction pendente lite, defendants appeal. Modified and affirmed. Morgan J. O'Brien, for appellants. Albert P. Massey, for respondent.

PER CURIAM. While the moving papers suggest that unreasonably large salaries and expenses may have been charged against the defendant corporation (a question upon which we express no opinion), no justification appears for forbidding the payment of any salaries and expenses. On this subject the order goes much further than the former order which the plaintiff entered upon default. The latter order went as far, in our opinion, as any view of the facts would justify. The restraining clauses of the order appealed from will therefore be modified, so as to conform to the like clauses contained in the order of December 21, 1909, excepting that clause numbered 8 will not be included in the modified order. The order appealed from, as so modified, will be affirmed, without costs to either party in this court. Settle order on notice.

LEONARD, Appellant, v. BROOKLYN HEIGHTS R. CO., Respondent. (Supreme Court, Appellate Division, Second Department. March 31, 1910.) Action by Annie Leonard against the Brooklyn Heights Railroad Company. No opinion. Order affirmed, with $10 costs and disbursements.

LEUCHTER, Appellant, v. CITY OF NEW YORK, Respondent. (Supreme Court, Appellate Division, Second Department. March 31, 1910.) Action by Frederick Leuchter against the City of New York. No opinion. Judgment affirmed, with costs.

In re LEVY. (Supreme Court, Appellate Division, First Department. May 6, 1910.) Petition by the Bar Association for the disbarment of Nathan S. Levy. Petition granted. Einar Chrystie, for petitioner. Nathan S. Levy, pro se.

PER CURIAM. Charges had been made against the respondent for appropriating money of his clients, and an order entered in the June term, 1902, suspending the respondent for two years. See 73 App. Div. 626, 77 N. Y. Supp. 1131. The respondent is again before the court upon three charges for misappropriating money received by him for his clients, which have been referred to a referee, and in which the referee has reported, sustaining the charges and stating that the respondent has been guilty of professional misconduct. There is no substantial denial of the charges by the respondent; his only excuse being that he has been sick and poor, and that his difficulties have arisen because of his physical condition. The respondent appeals for leniency because of the fact that after he had been called to account for the moneys that he had misappropriated his friends contributed a sum of money which has been applied to repay the clients of the respondent whose money had been appropriated. It is quite impossible to overlook this second breach of his professional obligations, and, however much sympathy there may be for the respondent because of his condition, the interests of the public and of the profession require that he should be no longer a member of the bar. The application is therefore granted, and the respondent disbarred.

LEVY v. BRENNAN. DERI et al. v. UNION BANK OF BROOKLYN. (Supreme Court, Appellate Division, First Department. March 18, 1910.) Actions by Julius Levy against James F. Brennan (see, also, 120 N. Y. Supp. 762) and by Herman Deri and others against the Union Bank of Brooklyn (see, also, 65 Misc. Rep. 531, 120 N. Y. Supp. 813). No opinions. Applications denied, with $10 costs. Orders signed.

LEVY et al., Respondents, v. ROOSEVELT et al., Appellants. (Supreme Court, Appellate Division, First Department. March 24, 1910.) Action by Morris Levy and others against James R. Roosevelt and others. W. D. Murray, for appellants. M. Sulzberger, for respondents. No opinion. Judgment and order affirmed, with costs. Order filed. See, also, 131 App. Div. 8, 115 N. Y. Supp. 475.

LONG v. CITY OF NEW YORK. (Supreme Court, Appellate Division, First Department. March 31, 1910.) Action by Minnie Long, as administratrix, against the City of New York. No opinion. Motion denied, with $10 costs. Order filed. See, also, 121 N. Y. Supp. 58.

LOUGHLIN et al. v. MANSON. HAMBURGER v. CITY OF NEW YORK. LENTSCH et al. v. EISENBERG. (Supreme Court, Appellate Division, First Department. April 15, 1910.) Actions by John B. Loughlin and others against Philip Manson, by Robert Hamburger against the City of New York (see, also, 121 N. Y. Supp. 316), and by Carl Lentsch and others against Abraham M. Eisenberg. No opinions. Applications denied, with $10 costs. Orders signed.

In re LOWY. (Supreme Court, Appellate Division, First Department. March 18, 1910.) In the matter of John J. Lowy, an attorney. No opinion. Reference ordered. Settle order on notice.

In re LUCAS. (Supreme Court, Appellate Division, Second Department. April 18, 1910.) No opinion. In the matter of the application of Charles Walter Lucas, for admission to the bar. Application granted.